

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,265

## EX PARTE STANLEY WAYNE KIRKPATRICK, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 2004-474-C2 IN THE 54TH DISTRICT COURT
## FROM MCLENNAN COUNTY

*Per curiam.* PRICE, J., filed a concurring opinion.

## OPINION ON REHEARING

We have received a Motion for Rehearing by the Trial Judge. We substitute this opinion for our December 16, 2009, opinion, which is withdrawn on the Court's own motion. Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and sentenced to two years' imprisonment.

Applicant contends that he was denied his right to an appeal. On September 16, 2009, we remanded this application for findings of fact and conclusions of law and specifically directed the trial court to provide counsel with the opportunity to respond to Applicant's claim of ineffective

assistance of counsel. On November 23, 2009, we remanded this application for further findings and conclusions because counsel failed to avail himself of the opportunity to respond. On the second remand, counsel responded in an affidavit that after Applicant was sentenced, counsel told the trial court that Applicant intended to appeal and requested that the trial court appoint appellate counsel. He also said that the trial court granted his motion to "substitute out." Counsel did not file a notice of appeal, however, and the trial court did not appoint appellate counsel until April 21, 2009, well after the deadline for filing a timely notice of appeal. The trial court made findings of fact and concluded that counsel's performance was not deficient and that Applicant "could be entitled to an out-of-time appeal."

We conclude that counsel's performance was deficient and that Applicant is entitled to an out-of-time appeal. *See Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988) ("We also hold that trial counsel, retained or appointed, has the duty, obligation and responsibility to consult with and fully to advise his client concerning meaning and effect of the judgment rendered by the court, his right to appeal from that judgment, the necessity of giving notice of appeal and taking other steps to pursue an appeal, as well as expressing his professional judgment as to possible grounds for appeal and their merit, and delineating advantages and disadvantages of appeal"); *Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003) ("If the defendant decides to appeal, the attorney must ensure that written notice of appeal is filed with the trial court").

We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 2004-474-C2 from the 54th Judicial District Court of McLennan County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits

shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: February 24, 2010
Do Not Publish